## THE ARGONAUT CONSOLIDATED MINING AND MILLING COMPANY ET AL. v. TURNER ET AL.

1. MINING CLAIMS—PATENT.

A patent to a mining claim carries with it the right to the surface territory described therein together with all lodes or veins having their tops or apices within such boundaries, except, perhaps, cross lodes.

2. SAME—DEPARTURE OF VEIN.

While in an adverse proceeding before patent, the adverse claimant may, to defeat the entry, show that the vein relied on by his adversary departs from the side lines of the claim, he cannot for this reason invalidate a patent therefor after it has been issued.

3. SAME—SIDE LINES—END LINES—LATERAL RIGHTS.

Where the course of a vein is across a mining claim as located upon the surface instead of lengthwise, the side lines of the location become end lines, and end lines side lines, so far as lateral rights are concerned, but this does not impair the validity of a patent as to any part of the territory included therein.

4. EJECTMENT—JUDGMENT—DESCRIPTION.

If judgment be for the plaintiff in an action of ejectment, the property should be described in the verdict or findings and judgment with such certainty as is reasonably available.

5. SAME—POSSESSION—DISCLAIMER.

If the defendant in ejectment makes any defense other than a disclaimer of title or right of possession, proof that he was in possession of the premises at the time of commencement of the action is unnecessary.

*Appeal from the District Court of Clear Creek County.*

THIS is an action for the possession of real property and damages for trespass thereon, instituted by Robert Turner and others, plaintiffs below, against The Argonaut Consolidated Mining and Milling Company and others, defendants. The complaint alleges that on January 1, 1892, plaintiffs were, and ever since have been, and now are, the owners in fee of a patented mining claim known as the Cecil lode mining claim, survey lot No. 428, Cascade mining district, Clear Creek county, Colorado, and of all other veins or lodes the top or apices of which lie within the surface boundaries of said Cecil claim. It is further alleged that on or before the 2d day of March, 1892, the defendants wrongfully entered upon said Cecil lode mining claim, and upon a lode or vein, the top or apex of which lies within the exterior boundaries of the Cecil claim, and ousted plaintiffs from the possession of the same, extracting ore therefrom to the damage of plaintiffs in the sum of $10,000.

The defendants, in their answer, deny all the allegations of the complaint, and for a second defense, The Argonaut Consolidated Mining and Milling Company alleges that it is the owner of the Argyros lode mining claim, and that the trespass complained of is not within the Cecil lode mining claim, but upon a vein the top or apex of which was within the surface boundaries of said Argyros lode mining claim; and that such vein extended throughout the entire length of the Argyros lode mining claim, and substantially parallel thereto, which vein, *in its downward course, dips under the Cecil mining claim*, into a claim to the north.

### THIRD DEFENSE.

In a third defense it is alleged " that the vein upon which the location and discovery of the Cecil lode mining claim is based departs from the side lines of said Cecil lode mining claim within two hundred (200) feet from said discovery in a southwesterly direction, and does not enter into the same at any point to the southwest thereof; and that, by virtue of said departure from its strike of the apex of said vein from

the side lines of said Cecil lode mining claim, the owners and locators of said Cecil lode mining claim lost and thereafter no longer had any right, title or interest whatever in or to the surface ground or any part or portion thereof embraced within the bounds and lines of said Cecil lode mining claim to the southwest from the said point where the said vein upon its apex and strike departs from the side line of said Cecil lode mining claim ; and that the said owners thereof might not lawfully or rightfully apply for a patent, or enter in or upon said portion of the Cecil lode mining claim, in which there is not found and does not exist the said vein upon which the discovery and location of said Cecil lode mining claim is based and made, and being that portion thereof in a southwesterly direction from the point where said vein upon its apex and strike departs from the side lines of said Cecil lode mining claim ; and that, by virtue of the fact that the entry and patent alleged and set up in the said complaint was procured for a territory into which the said vein upon its strike and dip did not extend or penetrate, and that said territory was not subject under the laws of the United States governing and controlling in such cases to be entered or patented by the said locators and purchasers and owners of the Cecil lode mining claim; but that said part and portion of said claim so lying to the southwesterly direction from said point where said vein, as hereinbefore stated, departs from the side lines of said Cecil lode mining claim was territory not subject to be patented or entered, or title thereto procured by virtue of patent upon the Cecil lode mining claim, and that said patent, so far as it covers or includes such portion of the territory bounded by said claim, is wholly void, null and of no effect, and that no right, title or interest whatever in or to the same passed to, or could be, or is held by virtue of said patent or entry or the location of said Cecil lode mining claim."

Fourth and fifth defenses were interposed, neither of which is involved in this appeal. Thereafter plaintiffs filed a general replication to the new matters set up in the answer in

the second, fourth and fifth defenses, and a general demurrer to the third defense, which demurrer was sustained. Afterwards, the case was tried to the court without a jury, upon the evidence introduced by the plaintiffs, the defendants offering no evidence. The trial resulted in the following findings and judgment:

" The court having now heard all the testimony offered in the cause, and the same having been submitted to the consideration and judgment of the court without argument by counsel, and all and singular the premises being seen and now fully understood, the court finds the issue for the plaintiffs, and it doth further find that the plaintiffs are the owners of and entitled to the possession of Cecil lode mining claim, survey lot No. 428, situated in Cascade mining district, Clear Creek county, state of Colorado, and described by metes and bounds as follows, to wit:

" Beginning at Cor. No. 1, thence N. 53° 10′ E. 1,500 feet to Cor. No. 2, thence N. 36° 50′ W. 50 feet to Cor. No. 3, thence S. 53° 10′ W. 1,500 feet to Cor. No. 4, thence S. 36° 50′ E. 50 feet to Cor. No. 1, place of beginning.

" And the court doth further find that the apex of that certain lode or vein disclosed in the two certain shafts designated on the map introduced in evidence by plaintiffs as the Cecil and Price shafts, and in the levels running easterly from the Wallace shaft, east of the west end line of the Cecil patent survey lot No. 428, protracted downwards vertically, is and lies within the exterior boundary lines of the said Cecil lode survey lot No. 428, and that the plaintiffs are the owners of and entitled to possession of said lode or vein, though the same may, in its downward course, so far depart from a perpendicular as to extend outside the vertical side lines of said survey lot No. 428.

" Therefore, it is ordered, adjudged and decreed by the court, that the said plaintiffs, Robert Turner, John W. Ward, Daniel S. Kooken, Geo. E. McClelland, do have and recover possession of the said Cecil lode mining claim survey lot No. 428, as described in said findings, from the said defend-

ants, The Argonaut Consolidated Mining and Milling Company, Marcus Finch, Charles Von Brandis, Frederick Walling, Armstrong Shepherd, Mike Weis, Wiley Morrill and Fred Burns, and that the plaintiffs do have a writ of possession therefor.

" It is further considered that plaintiffs do further recover their costs and charges by them in and about their suit expended, to be taxed, and that they have execution therefor."

To reverse this judgment, the cause is brought here by appeal.

Mr. MARCUS FINCH, Mr. ENOS MILES, Mr. CHAS. J. HUGHES and Mr. B. H. GILES, for appellants.

Mr. JACOB FILLIUS, for appellees.

CHIEF JUSTICE HAYT delivered the opinion of the court.

The third defense was interposed for the purpose of showing that the vein disclosed in the discovery shaft of the Cecil mining claim departed from the side lines of the claim as marked upon the surface, the contention in the court below being that for this reason the patent was absolutely void beyond the point of such departure. In support of this theory of the law the case of *Armstrong v. Lower*, 6 Colo. 399, and similar cases are cited, and the following language from the opinion in *Armstrong v. Lower* is particularly relied upon : " The vein is, of course, the principal thing, and the location should be made in conformity with the strike thereof. If the lode terminates at any point within the location, or departs at any point from the side lines, the location beyond such point is defeasible, if not void." But that was an adversary proceeding before patent, certified from the United States land office to the court for adjudication, in order that the rights of the parties might be determined, and patents issued accordingly; but the rule is otherwise after the patent has once been issued. The patent carries with it the

right to the surface territory described therein, together with all lodes or veins having their tops or apices within such surface boundaries, except, perhaps, cross lodes. Hence, while an adverse claimant may, to prevent entry, show that the vein relied upon by his adversary departs from the side lines of the claim, he cannot for this reason invalidate a patent after the same has once been issued. The land department of the government is the tribunal selected for the determination of such controversies, subject to transfer to the courts under certain conditions, and a patent issued by the land department must be taken in an action at law as conclusive evidence of title in the patentee. *Smelting Co. v. Kemp*, 104 U. S. 636.

It is contended that appellants' third defense was filed in order that they might show that the vein upon which the trespass was committed was a vein the apex of which crossed one, if not both, of the side lines of the Cecil claim; but we find nothing in the pleading to warrant this contention of counsel. A reading of the defense will show that it was filed for another and different purpose, to wit, to question plaintiffs' patent title. Plaintiffs do not base their right to recover upon any claim that they were working upon the identical vein disclosed in the Cecil discovery shaft, this shaft being near the easterly end of the Cecil claim, the claim of the plaintiffs being that the defendants were trespassing upon a vein twelve hundred feet from that point, and near the westerly end of the Cecil claim.

The evidence shows beyond question that this vein enters the end line of the Cecil claim on the west, and extends for a considerable distance along the Cecil claim in a direction parallel, or nearly parallel, to the side lines. There is nothing to indicate that this vein in its strike departs from the ground covered by the Cecil patent, while all of the evidence shows that the apex of the vein is within the Cecil claim, and hence, in its downward course or dip, it is included in the Cecil patent by the very terms of the patent and the statute under which it was issued. Section 2322, Revised Statutes of the United States.

We concede, as we must, that where the course of a vein is across the claim as located upon the surface, instead of in the direction of its length, the side lines of the location become the end lines, and the end lines become the side lines, so far as lateral rights are concerned; but this does not invalidate the patent as to any part of the territory included therein. *King v. Amy & Silversmith Mining Co.*, 152 U. S. 222; *Last Chance Mining Co. v. Tyler Mining Co.*, 157 U. S. 683. But no such question is properly involved in this case. The maps and oral evidence disclose that the vein in controversy has been worked for over 400 feet in a lateral direction by shafts, tunnels and drifts, and that this work discloses a well-defined vein, with a general course parallel, or nearly parallel, to the Cecil claim, as staked upon the surface, with its apex within the surface boundaries of that claim, after the vein leaves the Wallace claim, and enters the Cecil,—the Wallace being a mining claim abutting the Cecil on the west end.

The trespass complained of in this case was at a point north of the north side line of the Cecil claim, where the vein was carried in its downward course by reason of its dip, and the only contention is as to the apex of this vein. The particular place where the work was being done by the defendants seems not to have been in dispute in the court below. The record discloses that counsel then appearing for these appellants were sufficiently well-informed as to the place of the trespass to conduct a vigorous cross-examination in reference thereto.

It is also claimed that the findings and judgment are not sufficiently specific; that the territory trespassed upon must be described with the certainty which should, and usually does, mark the description given by a civil engineer. In support of this contention, section 271 of the code is relied upon:

" The judgment in an action brought under this chapter shall be in accordance with the verdict, or if tried by the court, the judgment shall particularly specify the findings

of the court, the same as the jury are, by this chapter, required to specify in their findings in the verdict, and if judgment be rendered for the plaintiff, it shall specify the amount of damages to be recovered."

We do not agree with counsel in their contention that it is necessary to describe the portion of the vein trespassed upon with mathematical certainty, although it may be advisable to do so where it is available, but such a description can only be obtained by an expert mining engineer, and the services of one sufficiently skilled may be beyond the resources of the ordinary miner. Hence, to require such a description would work a hardship in many cases, with no corresponding benefit. Moreover, if appellants wish the point of trespass defined with greater certainty, they should have called upon the trial court for greater minuteness of description. Not having done so, the right has been waived. The evidence shows where the trespass was committed, and it supports the finding that such trespass was upon a vein, the apex of which is within the Cecil claim as patented, and by reference to the maps introduced in evidence, the judgment can be made sufficiently certain for all practical purposes.

It is urged that the evidence does not disclose that the defendants, or either of them, were ever in possession of the property in dispute. This, however, is immaterial, as no disclaimer was filed, and under our code, when the defendant makes any other answer or defense, no proof of possession is necessary in the absence of a disclaimer. Code, sec. 276.

Finding no error in the record, the judgment of the district court will be affirmed.

*Affirmed.*